UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA CALDERON, <br><br> Plaintiff, <br><br> -against- <br><br> INTERNATIONAL MONETARY FUND, <br><br> Defendant. | 22-CV-7807 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction.[1] She alleges, "Fraud, False Claims, Banks and Banking, Other Fraud." (ECF No. 1 at 4.) By order dated September 13, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] On September 9, 2022, Plaintiff filed this action and four other actions in this court. *See Calderon v. Koneska Health*, No. 1:22-CV-7808, 2 (S.D.N.Y.); *Calderon v. Cmty. Presentation Corp.*, No. 1:22-CV-7806, 1 (S.D.N.Y.); *Calderon v. St. Barnabas Hosp.*, No. 22-CV-7748; 1 (S.D.N.Y.); *Calderon v. Bircea*, No. 1:22-CV-7745, 1 (S.D.N.Y.).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (principle that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against the International Monetary Fund ("IMF"), located in Washington, D.C., and she alleges that the events giving rise to her claims occurred in 2022, in New York.[2] (ECF No. 1 at 7.) She seeks "1.5 m per occurren [sic]" in monetary damages. (*Id.* at 8.)

Plaintiff alleges the following:

The employees of the IMF fraudulently opened bank accounts on my name without my permission in Europe and Africa.

---

[2] According to its website, IMF "works to achieve sustainable growth and prosperity for all of its 190 member countries. It does so by supporting economic policies that promote financial stability and monetary cooperation, which are essential to increase productivity, job creation, and economic well-being." *See* https://www.imf.org/en/About.

> They hacked my whasap, my emails from yahoo, my TV and consistently bother me and text me.

(*Id*. at 7.)[3]

She asserts that IMF's actions have caused damage to her reputation. (*Id*. at 8.)

## DISCUSSION

**A.     Dismissal of Plaintiff's complaint as frivolous**

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts supporting her assertion that IMF hacked her emails and her television and constantly bothers her and sends text messages to her. Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

**B.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations that Defendants opened bank accounts in her name and harass her cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] The Court quotes the complaint verbatim. All capitalization, punctuation, and wording are as in the original.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge